IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| KELLYE POSTON, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL CAR CURE, LLC, <br><br> Defendant. | Case No.: 4:21-cv-416 |

**DEFENDANT, NATIONAL CAR CURE, LLC'S, MOTION TO DISMISS PLAINTIFF, KELLYE POSTON'S, COMPLAINT**

Defendant, National Car Cure, LLC ("NCC"), by and through undersigned counsel, hereby files this Motion to Dismiss Plaintiff's Complaint ("Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and states as follows:

**I.    INTRODUCTION**

While not the picture of clarity, as best can be discerned from the Complaint, Plaintiff, Kellye Poston ("Poston"), by and through mere conclusory allegations, alleges that NCC violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the Texas Business and Commercial Code, §302.101 ("TBCC") when Poston allegedly received an unspecified number of unlawful phone calls to her cellular telephone ending in 7470 over some unknown period of time. Poston alleges that the unspecified phone calls were made using an automatic telephone dialing system ("ATDS") for non-emergency purposes to her cellular telephone ending in 7470 ("Cell Phone"). At all times relevant, Poston claims her Cell Phone number was on the National Do Not Call Registry.

Poston's completely unsupported conclusory statements are legally insufficient to form the basis of a claim against NCC under the TCPA and/or the TBCC. Accordingly, the Complaint must

1

be dismissed in its entirety for failure to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6).

## II.     STATEMENT OF FACTS

1. On March 9, 2021, Poston filed her Complaint for alleged damages against NCC.

2. NCC is a Florida limited liability company with its principal office in West Palm Beach, Florida.

3. NCC is in the business of providing sales and marketing services.

4. NCC does not utilize an ATDS, nor has NCC authorized or permitted any other parties to utilize an ATDS on its behalf.

5. NCC does not make robocalls, nor has NCC authorized or permitted any other parties to make robocalls on its behalf.

## III.    LEGAL STANDARD

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level…" *Id.* at 555 (internal citation omitted). Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the…law[] in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)).

## IV. ARGUMENT

The allegations in the Complaint plainly fall short of Fed. R. Civ. P. 8(a)'s pleadings standards as established in *Iqbal* and *Twombly*. A plaintiff cannot state a claim for relief by relying on conclusory legal allegations or by requiring the district court to make unwarranted inferential leaps based on "naked assertions" that are devoid of "further factual development." *See Iqbal*, 556 U.S. at 678-80; *Twombly*, 550 U.S. at 555–60. The Complaint must be dismissed because that is precisely what plaintiff has done here. The Complaint fails to assert any facts to support Poston's conclusory statements.

*Iqbal* and *Twombly* set forth two fundamental principles for assessing the sufficiency of a pleading. First, a court considering a motion to dismiss should begin by determining whether a complaint contains factual allegations, as opposed to legal conclusions. Mere recitals of elements of a cause of action, supported by nothing more than conclusory statements will not suffice. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555)(emphasis added). Thus, in *Iqbal*, the Supreme Court required dismissal of a complaint that merely alleged the

defendants' involvement in the challenged conduct, without providing any factual context, details, or support for those conclusory allegations. *Id.* at 680.

Second, Plaintiff must meet the "plausibility standard" to survive a motion to dismiss. That is, Plaintiff must do more than demonstrate the "mere possibility of misconduct." *Id.* at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads fact that are 'merely consistent with' a defendant's liability, it 'stops short of a line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). In particular, complaints that require courts to fill factual gaps or make factual assumptions in order to establish the elements of a claim should be dismissed. *See Twombly*, 550 U.S. at 557–58.

Here, it is unclear if Poston is alleging that NCC made the alleged calls or if Poston is alleging vicarious liability against NCC because the alleged calls were made by a third party. This is a critical fact that needs to be addressed and alleged. The Complaint is ambiguous and contradictory and lacks any factual support thereof. *See* Complaint ¶¶ 9 and 14 [D.E. 1].

Additionally, Poston never asserts when she allegedly received these unlawful call(s) or how many allegedly unlawful call(s) she received. *See* Complaint generally [D.E. 1]. From a review of the four corners of the Complaint, it is impossible to determine even the year when Poston allegedly received these unlawful call(s). *See* Complaint generally [D.E. 1]. The timing of the alleged calls is particularly relevant and critical because prior to July 6, 2020, the Supreme Court of the United States ("SCOTUS") held that the TCPA, as written, was an unconstitutional, content-based suppression on free speech. *See Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020); *Creasy v. Charter Communs., Inc.,* No. 20-1199 SECTION "F"*,* 2020 U.S. Dist. LEXIS 177798 (E.D. La. Sept. 28, 2020); *Lindenbaum v. Realgy,*

Case No. 1:19-cv-2862 (N.D. Oh. 2020); and *Shabana Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc., et al.,* 5:20-cv-00038 (Md. Fla. December 11, 2020). Accordingly, claims for TCPA violations prior to July 6, 2020 are barred as a matter of law because the violation of an unconstitutional law is not a justiciable question. In the most recent decision pertaining to this narrow issue, the Fifth Circuit confirmed that the TCPA in its entirety was unconstitutional from the moment Congress enacted the government-debt exception until SCOTUS handed down its decision in *AAPC*. *See Cunningham v. Matrix Financial Services, LLC, et al.*, Case No. 4:19-cv-00896-ALM-CAN, Doc. 149 (E.D. Tex. Mar. 31, 2021). "In other words, during that stretch of time, § 227(b)(1)(A)(iii) had no legal effect. Seeing as the § 227(b)(1)(A)(iii) violations [Plaintiff] alleges occurred during this time period, these statutory offenses are not constitutionally sound—and are therefore inoperative. Considering that the federal question forming the basis of the Court's subject matter jurisdiction is no longer present . . . the Court must dismiss this case for lack of subject matter jurisdiction." *Id.* at *22, 23. (citing *Ex parte Royall*, 117 U.S. 241, 248 (1886)). As such, the timing of these alleged calls is critical as to whether or not Plaintiff's claims are proper.

Count III of Poston's Complaint, brought under Section 302.101 of the TBCC, also fails to state a claim. First of all, Plaintiff has absolutely zero basis to believe that Defendant is in violation of section 302.101 or that an exception under Section 302.053 does not apply. Plaintiff cannot just say that Defendant is in violation of the TBCC without any basis. In fact, Defendant is except under the TBCC pursuant to Section 302.053. Under §305.053, a "person who receives a communication that violates [the TCPA] may bring an action in this state against the person who originates the communication." Since Poston's TCPA claims fails, her state TCPA claim must also be dismissed. *See Cherakaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014) ("As Santander did not violate the TCPA, Santander also did not violate related

Texas state law claims arising under the Texas Business and Commercial Code § 305.053 ('Texas TCPA'). The Texas TCPA proscribes only that conduct which is also prohibited by the TCPA. If no violation of the TCPA exists, there is not violation of the Texas TCPA.")

Based on the above, the Complaint obviously fails to set forth the ultimate facts with sufficient clarity to inform NCC of the allegations against it, to allow NCC to provide an intelligent answer, or to allow NCC to formulate a proper defense. It would be completely unreasonable to expect NCC to defend itself against such a painfully threadbare Complaint that is completely devoid of factual support. Accordingly, Poston's unsupported conclusory statements contained in her Complaint are legally insufficient to form the basis of a claim under the TCPA and the TBCC against NCC. Therefore, the Complaint must be dismissed as a matter of law.

### V.  CONCLUSION

WHEREFORE, Defendant, National Car Cure, LLC, respectfully moves this Court to enter an Order dismissing Plaintiff, Kellye Poston's, Complaint in its entirety for failure to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6) and for such further relief as this Court finds proper and just.

Dated: May 13, 2021                              Respectfully Submitted,

By:   /s/ *Jason S. Weiss*
       Jason S. Weiss
       **Weiss Law Group, P.A.**
       5531 N. University Drive, Suite 103
       Coral Springs, FL 33067
       Phone: 954.573.2800
       Fax: 954.573.2798
       Email: jason@jswlawyer.com
       *Attorneys for Defendant, National Car Cure, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2021, the foregoing Defendant, National Car Cure, LLC's, Motion to Dismiss Plaintiff's Complaint was filed through the Court's electronic filing system and will be sent electronically to the parties via the Court's electronic filing system.

By: /s/ *Jason S. Weiss*
Jason S. Weiss